# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In Re:

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

      Debtors.

Bankr. Case No. 6:10-bk-22841-KSJ

_____

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

      Appellants,

v.

Case No. 6:16-cv-1484-Orl-37

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Appellee.

_____

## ORDER

This cause is before the Court on the following:

1. Appellant[s'] Brief (Doc. 21), filed November 3, 2016;

2. Brief of Appellee[] Federal National Mortgage Association (Doc. 22), filed December 5, 2016; and

3. Reply Brief For Appellant[s] Charles Edward Woide and Susannah Clare Woide (Doc. 23), filed December 19, 2016.

Upon consideration, the Court finds that the bankruptcy court's Order Granting Motion to Reopen the Bankruptcy Case to Compel Surrender of Real Property (Doc. 5-2) is due to be affirmed and that the appeal is due to be dismissed.

**BACKGROUND**

Appellants Charles Edward Woide and Susannah Clare Woide—proceeding *pro se*—filed a voluntary petition ("**Petition**") under Chapter 13 of the U.S. Bankruptcy Code ("**Code**") late in 2010 ("**Bankruptcy Action**"). (*See* Doc. 6-1.) Along with the Petition, Appellants disclosed their assets, including a home they owned in Deland, Florida ("**Property**") on standardized forms known as schedules ("**Original Schedules**"). (*Id.* at 8–28.) Original Schedules A and D indicated that: (1) Appellants would surrender the Property; and (2) the Property was encumbered by a mortgage ("**Mortgage**") in favor of Lender Business Process Services ("**LBPS**") in the amount of $249,383.12. (*Id.* at 10, 16.) The record also reveals that LBPS filed proof of a secured claim on the Property for $257,978.99 ("**Proof of Claim**") on behalf of Appellee Federal National Mortgage Association ("**Fannie Mae**").[1] (Doc. 22-1, p. 90.) Appellants did not object to the Proof of Claim. (*See* Doc. 6-1, p. 16.)

Less than three months after filing the Petition, Appellants requested that the Bankruptcy Action be converted to a proceeding under Chapter 7 of the Code (Doc. 7-8; *see also* Doc. 8-1.) Following conversion, Appellants filed an amended set of schedules listing their assets ("**Amended Schedules**"). (Doc. 8-5.) While Appellants did not list their interest in the Property on Amended Schedule A, their total assets—including the Property—remained the same.[2] (*Id.* at p. 3; *compare* Doc. 6-1, p. 8, *with* Doc. 8-5, p. 1.) Ultimately, Appellants received a Chapter 7 discharge, and the Bankruptcy Action was

---

[1] LBPS is Fannie Mae's loan servicer.
[2] The only amendments Appellants made pertained to their current income and current expenditures, Schedules I and J, respectively. (*Compare* Doc. 6-1, p. 8 *with* Doc. 8-5, p. 1.)

2

closed on July 12, 2011. (*See* Doc. 8-7.) Five months later, Fannie Mae, as mortgagee of the Property, commenced foreclosure ("**Foreclosure Action**"), which Appellants opposed. (Doc. 21, p. 5; *see also* Doc. 22, p. 3.)

Over the next three years, Appellants attempted to maintain possession of the Property by filing lawsuits and asserting claims to invalidate the Mortgage and the underlying note ("**Note**").[3] (*See* Doc. 21, pp. 5–6; *see also* Doc. 22, pp. 4–5.) Frustrated by Appellants' actions, Fannie Mae moved to reopen the Bankruptcy Action to compel surrender of the Property nearly five years after Appellants were discharged from bankruptcy. (Doc. 9-9 ("**Motion to Reopen**").) The bankruptcy court granted the Motion to Reopen on June 22, 2016. (Doc. 5-2 ("**Surrender Order**").)

In the instant proceeding, Appellants appeal the Surrender Order.[4] (*See* Doc. 1.) The Court has jurisdiction to hear the appeal of the Surrender Order, as it is a "final" order under 28 U.S.C. § 158(a)(1). *See In re Bonner*, 330 B.R. 880, 880 (B.A.P. 6th Cir. 2005) (concluding that an order to reopen a bankruptcy case to administer an asset was a "final" order).

## STANDARD

When a bankruptcy court enters a final order, a party may appeal to the district court under 28 U.S.C. § 158(a)(1). In reviewing decisions of a bankruptcy court, a district court functions as an appellate court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374

---

[3] For instance, Appellants sued: (1) the payee on the Note, Ramsey & Associates Mortgage Company; and (2) Fannie Mae, the mortgagee. (*See* Doc. 21, pp. 5–6; *see also* Doc. 22, pp. 4–5.)

[4] While the instant appeal originally included two other bankruptcy court orders (*See* Doc. 1), they are no longer relevant to this appeal as they were vacated by U.S. Bankruptcy Judge Arthur B. Briskman prior to this appeal. (*See* Doc. 12-2.) Accordingly, the Court only addresses the Surrender Order.

(11th Cir. 1994). The Court generally reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). A bankruptcy court's decision whether to reopen a case is reviewed for abuse of discretion. *See HDR Architecture P.C. v. Maguire Grp. Holdings*, 523 B.R. 879, 886–87 (S.D. Fla. 2014) (collecting federal circuit court decisions); *see also, e.g.*, *In re Double J Operating Co.*, 37 F. App'x 91, 91 (5th Cir. 2002) ("[T]he decision to reopen a bankruptcy case is committed to the sound discretion of the bankruptcy judge and will not be overturned absent abuse of discretion."). An erroneous view of the law constitutes an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004).

## DISCUSSION

Appellants contend that the bankruptcy court erred by: (1) finding that Fannie Mae had standing to move the bankruptcy court to reopen the Bankruptcy Action ("**Standing Argument**"); (2) failing to apply the doctrine of laches, which would have barred Fannie Mae from seeking to reopen the Bankruptcy Action ("**Laches Argument**"); (3) finding that Appellants intended to surrender the Property after converting the Bankruptcy Action to a Chapter 7 proceeding ("**Surrender Argument**"); and (4) failing to find that Fannie Mae procured the Surrender Order through fraud and misrepresentation ("**Fraud Argument**"). (Doc. 21, pp. 8–16).

### I.    Standing Argument

Appellants' Standing Argument is that Fannie Mae lacked standing to reopen the Bankruptcy Action, thus rendering the bankruptcy court without jurisdiction to grant the Motion to Reopen and to compel surrender of the Property. (*See id.* at 12–13.) Appellants

4

are mistaken.

The crux of Appellants' argument is that Fannie Mae has not demonstrated that it is Appellants' creditor. (*See id.* at 13.) Bankruptcy cases implicate two types of standing—"Article III" and "statutory." *See In re Smith*, 522 F. App'x 760, 764–66 (11th Cir. 2012). Article III standing arises out of the Constitution's cases-or-controversy requirement and demands that parties invoking federal jurisdiction demonstrate "a personal stake in the outcome of a case." *Id.* at 764 (citing *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1990)). Because Article III standing is determined at the outset of a case, it is decided based on "allegations" in the invoking party's filings. *See id.* (citing *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011)).

Statutory standing in a bankruptcy case requires that a party be a "party in interest." *In re Walker*, 515 F.3d 1204, 1212 (11th Cir. 2008). Although Chapter 7 does not specifically define a "party in interest," the U.S. Court of Appeals for the Eleventh Circuit applies the same definition set forth in Chapter 11, *see Westwood Cmty. Two Ass'n, Inc. v. Barbee*, 293 F.3d 1332, 1337 (11th Cir. 2002), which defines a party in interest as inclusive of a debtor or creditor, *see* 11 U.S.C. § 1109(b). A "creditor" includes an "entity that has a claim against the debtor," 11 U.S.C. § 101(10)(A), and a "claim" is a "right to payment," 11 U.S.C. § 101(5)(A).

Here, Fannie Mae's Article III and statutory standing are evidenced by the Proof of Claim on Appellants' Property. (*See* Doc. 6-1, pp. 10, 16; *see also* Doc. 22-1, p. 90.) The Proof of Claim, which Appellants did not dispute, evinces an alleged "claim" within the meaning of the Code, rendering Fannie Mae both a "party in interest" and a party with a tangible stake in Appellants' Bankruptcy Action. That is all that is required to show

standing. *See In re Smith*, 522 F. App'x at 765 ("[A] tangible financial interest in getting the [debtors' real property] out from under the jurisdiction of the bankruptcy court so that it could foreclose on the property . . . was sufficient to confer Article III standing.").

### II.     Laches Argument

Appellants' Laches Argument is that Fannie Mae's delay in seeking to reopen the Bankruptcy Action bars the grant of the Motion to Reopen under the laches doctrine. (Doc. 21, p. 11.) Again, the Court disagrees.

The laches doctrine bars relief when a party "unreasonably delays taking action and the affected party is prejudiced by the delay." *Bank of Am., N.A. v. Rodriguez*, 558 B.R. 945, 949 (S.D. Fla. 2016); *see also Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1283 (11th Cir. 2015). "[T]he mere lapse of time does not constitute prejudice, and a court of equity must consider whether a case would prejudice the adversary's position." *Rodriguez*, 558 B.R. at 949.

Here, Appellants were not unfairly prejudiced as a result of Fannie Mae's delay. Rather, they have benefited. Appellants have enjoyed the free use of their home for more than five years. Moreover, the record does not reveal that Fannie Mae *unreasonably* delayed in seeking to reopen the Bankruptcy Action; instead, Fannie Mae sought relief from the bankruptcy court only after years of attempting to secure the Property through the Foreclosure Action and defending against Appellants' attempts to invalidate the Mortgage. (*See* Doc. 21, pp. 5–6; *see also* Doc. 22, pp. 4–5.) Under these circumstances, the Court finds that the bankruptcy court did not abuse its discretion in failing to apply the doctrine of laches, as Appellants have only benefited from Fannie Mae's delay in seeking to reopen the Bankruptcy Action.

**III.     Surrender Argument**

Appellants Surrender Argument is that the bankruptcy court abused its discretion in finding that Appellants intended to surrender the Property based on the Original Schedules filed prior to the Bankruptcy Action's conversion. The Court finds that it did not.

When a Chapter 13 case is converted to a Chapter 7 case, any schedules filed in the Chapter 13 case are deemed filed in the converted Chapter 7 case. *See* Fed. R. Bankr. P. 1019(1)(A). If such schedules include debts secured by property, section 521(a)(2) of the Code requires that a Chapter 7 debtor file a statement of intention ("**Statement**") indicating whether he intends to redeem the secured property, reaffirm the debt the property secures, or surrender the property.[5] 11 U.S.C. § 521(a)(2)(A); *see also In re Padilla*, No. 7-09-15203JR, 2010 WL 4735820, at *4 (Banrk. D. N.M. Nov. 16, 2010) (concluding that when a case is converted from Chapter 13 to Chapter 7, a debtor must file a statement of intention). A debtor may not retain the collateral unless he redeems it or reaffirms the debt it secures. *Taylor v. AGE Fed. Credit Union*, 3 F.3d 1512, 1517 (11th Cir. 1993). Once a debtor declares his intention in a Statement, he must act in conformity with that intention. 11 U.S.C. § 521(a)(2)(B).

Here, Appellants indicated their intention to surrender the Property on the Original Schedules when they initiated the Bankruptcy Action. (*See* Doc. 6-1.) Once converted, Appellants did not restate that intention on the Amended Schedules, nor did they file a

---

[5] *See also Statement of Intention for Individual Filing Under Chapter 7*, Official Bankruptcy Form 108, U.S. JUDICIAL CONFERENCE (Dec. 1, 2015), http://www.uscourts.gov/sites/default/files/form_b108.pdf (mandating the filing of such form in a Chapter 7 case); Fed. R. Bankr. P. 9009 (approving use of official forms created by the U.S. Judicial Conference).

Statement, as required under § 521(a)(2). Nonetheless, the bankruptcy court concluded that Appellants had a duty to surrender the Property because Appellants: (1) declared their intention to surrender the Property on the Original Schedules, which were deemed filed once the Bankruptcy Action was converted; (2) continued to own the Property after conversion; and (3) neither reaffirmed the debt to Fannie Mae, nor redeemed the Property. (*See* Doc. 5-2, pp. 2–3; *see also* Doc. 21-15, p 5.)

The bankruptcy court's conclusion is supported by the Eleventh Circuit's interpretation of § 521(a)(2) as providing a debtor with three exclusive options—surrender the Property, reaffirm the debt, or redeem the Property. *Taylor*, 3 F.3d at 1516–17; *see also In re Steinberg*, 447 B.R. 355, 358 (S.D. Fla. 2011). Appellants cannot choose to do nothing and retain the property. *See Taylor*, 3 F.3d at 1517; *see also* 11 U.S.C. § 362(h) (permitting a bankruptcy court to terminate the automatic stay where a debtor fails to file a Statement). Rather, in order to retain the Property, Appellants were required to redeem it or reaffirm the debt. *See Taylor*, 3 F.3d at 1517. Appellants did neither and their testimony before the bankruptcy court confirms as much. (*See* Doc. 21-15, p. 5 ("We [Appellants] didn't reaffirm the debt").) Thus, Appellants' only remaining option was to surrender the Property—an option that they expressed on the Original Schedules. (*See* Doc. 6-1.)

Displeased with the result in the bankruptcy court, Appellants now contend that because they did not file a Statement, they had no obligation to surrender the Property. (*See* Doc. 21, pp. 9–10; *see also* Doc. 23, pp. 7–8.) But Appellants' dissatisfaction does not amount to an abuse of discretion. Especially here, where Appellants have provided no legal authority for their position suggesting that the bankruptcy court's reliance on the

Original Schedules was contrary to law. As such, the Court cannot say that the bankruptcy court abused its discretion.[6]

## CONCLUSION

In light of the foregoing, the Court finds that the Surrender Order (Doc. 5-2) is due to affirmed and that the appeal is due to be dismissed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Bankruptcy Court's Order (Doc. 5-2) is **AFFIRMED**.

2. This appeal is **DISMISSED**.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 9, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Parties

Trustee

---

[6] Appellants' Fraud Argument is that Fannie Mae secured the Surrender Order through fraud and misrepresentation. (Doc. 21, pp. 14–16; *see also* Doc. 23, pp. 7–8.) Because Appellants provide no legal support for their argument and the record is devoid of any facts supporting these contentions, the Court finds that the Fraud Argument warrants no further discussion.