**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In Re:

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

        Debtors.

Bankr. Case No. 6:10-bk-22841-KSJ

_____

CHARLES EDWARD WOIDE; and
SUSANNAH CLARE WOIDE,

        Appellants,

v.

Case No. 6:16-cv-1484-Orl-37

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Appellee.

_____

**ORDER**

This cause is before the Court on Appellants' Motion for Rehearing and Reconsideration of Order (Doc. 25), filed January 23, 2017.

Appellants initiated this appeal of the bankruptcy court's order reopening the bankruptcy case to compel surrender of Appellants' home (Doc. 5-2 ("**Surrender Order**").) On January 9, 2017, finding that Appellants had failed to demonstrate that the bankruptcy court abused its discretion, the Court affirmed the Surrender Order. (Doc. 24 ("**Dismissal Order**").) Appellants now urge the Court to reconsider its decision on the ground that the Court failed to consider material facts presented to the Court. (Doc. 25

("**Motion to Reconsider**").)[1] Appellee did not respond to the Motion to Reconsider, and the time for doing so has now passed.

Reconsideration under Federal Rule of Civil Procedure 59(e) is appropriate on the basis of: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Beepot v. JP Morgan Chase Nat'l Corp. Servs.*, 626 F. App'x 935, 939 (11th Cir. 2015); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that courts have generally granted such relief in those three circumstances).[2] Rule 59, however, cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "The Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "[T]he decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

Appellants do not contend that there has been an intervening change in controlling law or that there is newly discovered evidence. Rather, they contend that the Court failed to consider material facts presented to the Court at the time of the Dismissal Order.

---

[1] Appellants represent that they seek reconsideration of the Court's Order affirming the bankruptcy court's order vacating its prior rulings (Bankr. Doc. 63). (*See* Doc. 25, p. 2.) But the Dismissal Order only affirmed the Surrender Order. (*See* Doc. 24.) Thus, the Court will assume that Appellants meant to seek reconsideration of the order addressed in the Dismissal Order.

[2] Because Appellants filed their Motion to Reconsider within twenty-eight days of the Dismissal Order Rule 59(e) controls. *See* Fed. R. Civ. P. 59(e); *see also United States v. E. Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir. 1986) (noting that the prior version of Rule 59(e) applies when a motion is filed within ten days of judgment).

(Doc. 25, p. 4.) The Court will presume that such arguments relate to the clear error or manifest injustice standards for reconsideration. Even under this presumption, Appellants have reiterated, nearly verbatim, the standing and fraud arguments made in their initial brief. (Compare *Id.* at 4–7, *with* Doc. 21, pp. 12–16.) Contrary to Appellants' contention, the Court did consider these arguments in the Dismissal Order but found them to be unavailing. (*See* Doc. 24, pp. 4–6, 9 n.9.)

Far too often, litigants operate under the assumption, as Appellants do here, that any adverse ruling confers on them a license to move for reconsideration, and utilize such motion as a platform to relitigate issues that have already been decided or otherwise seek a "do over." Such use of Rule 59 is improper. *See Michael Linet, Inc.*, 408 F.3d at 763. Indeed, a court's order is not intended as a mere first draft, subject to revision at the litigant's whim. *See Plummer v. PJCF, LLC*, No. 2:15-cv-37-FtM-38CM, 2015 WL 2359996, at *1 (M.D. Fla. May 18, 2015) (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill 1988)). As Appellants have failed to explain why Rule 59 is satisfied here, the Court finds that the Motion to Reconsider is due be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Appellants' Motion for Rehearing and Reconsideration of Order (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 9, 2017.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Parties

Trustee